UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARK DANIEL CABAGUA,

        Petitioner,

v.

        Case No. 19-cv-881-pp

CATHY A. JESS,

        Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1), DENYING AS MOOT MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 3), DENYING WITHOUT PREJUDICE MOTION FOR EVIDENTIARY HEARING (DKT. NO. 4), DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL (DKT. NO. 9) AND REQUIRING RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

---

On June 14, 2019, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2009 convictions in Milwaukee County Circuit Court on three counts of sexual assault. Dkt. No. 1 at 1. The petitioner also filed a motion for leave to proceed without prepaying the filing fee, dkt. no. 3, but the docket shows that the clerk's office received the $5.00 filing fee on July 1, 2019. Accordingly, the court will deny as moot the motion to proceed without prepaying the filing fee.

This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases, denies without prejudice the petitioner's motions for an evidentiary hearing, dkt. no. 4, and appointment of counsel, dkt. no. 9, and requires the respondent to answer or otherwise respond.

## I. Background

In 2008, the State of Wisconsin charged the petitioner with six crimes related to the sexual assault of his daughter. Dkt. No. 2-1 at 7; see also State of Wisconsin v. Cabagua, Milwaukee County Case Number 2008CF005374, available at https://wcca.wicourts.gov.[1] On the day the case was to proceed to trial, the petitioner pled to one count of repeated sexual assault of a child, one count of first-degree sexual assault of a child, and one count of second-degree sexual assault of a child. Dkt. No. 2-1 at 1. On June 1, 2009, upon accepting his guilty plea, the circuit court judge sentenced the petitioner to twenty-five years' initial confinement. Dkt. No. 1 at 1. The petitioner says he appealed the conviction in July of 2009, but that his appellate attorney raised only one issue, "which was trial counsel's failure to remove an early plea offer that was stapled to the plea questioner [sic]." Id. at 2. He states that the circuit court denied his motion on August 6, 2009. Id.

About six years later, the petitioner filed a post-conviction motion in Milwaukee County Circuit Court under Wis. Stat. §974.06. Dkt. No. 1 at 2. He says the post-conviction motion raised seven issues: (1) ineffective assistance of trial counsel, (2) ineffective assistance of postconviction counsel, (3) suppression of evidence, (4) newly discovered evidence, (5) his plea was not voluntarily or intelligently entered, (6) insufficient evidence and (7) "coercion and duress by counsel." Id. at 3. The circuit court denied the motion and the

---

[1] Wisconsin's publicly available docket shows the state charged the petitioner with six felony sexual assaults but later dismissed three of the charges. Id.

2

Wisconsin Court of Appeals denied the appeal on May 8, 2018. Id. A short time later, the petitioner filed a motion for sentence modification in Milwaukee County Circuit Court. Id. at 2. The circuit court denied the motion, which raised three grounds for re-sentencing: (1) ineffective assistance of counsel, (2) inaccurate information and (3) "a new factor existed due to the trial court being mislead by the prosecutor's incomplete response for discovery." Id. at 3. The Wisconsin Court of Appeals denied the appeal on February 29, 2019. Id.

This petition followed. The petitioner lists six grounds for *habeas* relief: (1) the prosecution withheld exculpatory evidence, (2) the petitioner did not knowingly, voluntarily and intelligently plead guilty, (3) ineffective assistance of appellate counsel, (4) ineffective assistance of trial counsel for failure to conduct adequate pretrial investigation, (5) the sentencing judge used inaccurate information to sentence the petitioner and (6) newly discovered evidence shows that there is insufficient evidence to sustain the conviction. Dkt. No. 1 at 4-13.

## II.  Rule 4 Screening

### A.  Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a).

The court also considers whether the petitioner filed the petition within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.  The Petition

The petitioner's brief explains that in October 2011, he received his case file from his appellate attorney and noticed that there may be some missing files related to a medical examination done on the victim, his daughter. Dkt. No. 2 at 4. He states that he asked for these files through an open records

4

request. Id. The grounds for relief in the petitioner's *habeas* petition stem from this discovery. They appear to assert generally cognizable claims for federal *habeas* relief. See Banks v. Dretke, 540 U.S. 668, 690 (2004) (Brady claim actionable for federal *habeas* relief); see Kimbrough v. Neal, 941 F.3d 879, 881 (7th Cir. 2019) (ineffective assistance of appellate counsel actionable for federal *habeas* relief); see Jones v. Bryant, 27 Fed. App'x 699, 700-01 (7th Cir. 2001) (considering *habeas* relief for claim of involuntary plea); Lee v. Kink, 922 F.3d 772, 774 (7th Cir. 2019) (recognizing availability of *habeas* relief for ineffective assistance of trial counsel); Lechner v. Frank, 341 F.3d 635, 639 (7th Cir. 2003) (considering *habeas* claim that sentencing judge relied on inaccurate information at sentencing); and Johnson v. Bett, 349 F.3d 1030, 1038 (7th Cir. 2003) (recognizing that a claim of newly discovered evidence could be a ground for *habeas* relief if it "related to a constitutional violation independent of any claim of innocence.").

The court does have concerns relating to the timing of the petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing a *habeas* petition; it requires a petitioner to file his federal *habeas* petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d). Subsection (2) of the statute allows tolling of the one-year time period for properly filed state post-conviction motions. 28 U.S.C. §2244(d)(2).

The petitioner's 2008 convictions appear to have become "final" for purposes of federal *habeas* review when the petitioner's direct appeal concluded—in 2009. The petitioner's supporting brief indicates that he first received his case file in October 2011 and did not become aware of the medical report, DNA analysis report and police incident report until his filed an open records request. Dkt. No. 2 at 4. He does not indicate when he first received these requested documents. Id. If he received them more than a year before the June 14, 2019 petition date, his petition may be time-barred.

Nonetheless, the court will not dismiss the case at this time. The AEDPA's statute of limitations is an affirmative defense, Day v. McDonough, 547 U.S. 198, 203 (2006), which can be waived if not raised by the respondent. Id. Or perhaps the petitioner can show that his petition was timely under one of the subsections of 28 U.S.C. §2244(d)(1). Nothing in this order, however, prevents the respondent from later asking the court to dismiss the petition under 28 U.S.C. §2244(d).

Similarly, the petitioner's 2015 post-conviction motion under Wis. Stat. §974.06 appears to have raised the grounds on which he now seeks federal *habeas* relief. Nothing in this order prevents the respondent from arguing that the petitioner has not properly exhausted one or all of his claims or that one or all of his claims have been procedurally defaulted. The respondent has not yet had the opportunity to respond to the petition, and the court will require him to do so. Because the court cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief on his alleged grounds, it will allow the petition to proceed.

### III. Motion For Evidentiary Hearing (Dkt. No. 4)

The petitioner has asked the court to hold an evidentiary hearing regarding the allegations he has made in his petition. Dkt. No. 4. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts says that if a court does not dismiss a *habeas* petition, it must review all the materials submitted and determine whether it believes there is a need for an evidentiary hearing. In cases where a petitioner did not fully develop the factual basis of his claim in state court, the federal court "shall not hold an evidentiary hearing on the claim" unless (a) the claim relies on a new rule of constitutional law that wasn't available at the time of the state court proceedings, or on facts that could not previously have been discovered even through diligent effort, and (b) the facts supporting the claim would show by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. §2254(e)(2). This is a heavy burden to meet.

The court will deny this motion without prejudice as premature. After the court has had the opportunity to thoroughly review all of the pleadings—including the respondent's responsive pleadings—it will decide whether an evidentiary hearing is warranted under the rules and the statute. If the court determines that an evidentiary hearing is needed, it will schedule one.

## IV. Motion to Appoint Counsel (Dkt. No. 9)

In the petitioner's view, "the medical report provides that [the petitioner] did not commit the alleged allegation. Five years of violent accounts of sexual intercourse as R.C. alleged would have surely created lasting physical injury." Dkt. No. 9 at 4. The petitioner argues that this report gives him colorable claims for *habeas* relief and that he will need help from a lawyer to secure a gynecologist or pediatric specialist for his case. Id. The petitioner explains that he received his HSED in prison at age thirty-one and never attended law school. Id. He states that federal *habeas* review has many procedural obstacles to obtaining relief, which increase his need for the assistance of a lawyer. Id. at 5. He reiterates his belief that his claims require an evidentiary hearing and argues that the court must appoint counsel for that purpose. Id. at 6-7. Finally, he tells the court that he has tried to contact several attorneys to take the case *pro bono*, but that none of them—including Legal Assistance to Institutionalized Persons—accepted his request. Id. at 7.

    B.    Analysis

There is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Pruitt v. Mote, 503 F.3d 647 (7th Cir. 2007). This is

8

particularly true in *habeas* cases; "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding." Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Powell v. Davis, 415 F.3d 722, 727 (7th Cir. 2005)). The Criminal Justice Act gives a district court the discretion to appoint counsel if "the interests of justice so require." 18 U.S.C. §3006A(a)(2)(B).

The interests of justice do not require the court to appoint counsel for the petitioner now. The pleadings the petitioner has filed thus far—and there are several of them—are articulate, clear and easy for the court to understand. He cites case law, and presents his arguments in an organized manner. While the plaintiff indicates that he dropped out of school in the ninth grade and received his HSED at age 31 in prison, the court wouldn't have guessed that from the quality of his writing and his arguments. The petitioner states that he didn't go to law school. Most incarcerated persons who file lawsuits didn't attend law school; that fact alone does not justify appointment of counsel.

The petitioner is correct that there are many procedural complexities to *habeas* law. Every *habeas* petitioner faces those same complexities. If the complexity of *habeas* law were enough, on its own, to justify appointment of counsel, the court would need to appoint counsel for every *habeas* petitioner who is not a lawyer. In fact, the petitioner already appears to understand the issue that he may face with the statute of limitations; he says in his motion that he "is time barred by the statute of limitations unless he demonstrates that he is entitled to a belated commencement of the limitation period under 28

9

U.S.C. § 2244(D)(1)(B)-(D) or equitable tolling." Dkt. No. 9 at 5. He also acknowledges that he is claiming actual innocence, and that this is a "daunting standard." Id. These are sophisticated arguments for a *pro se* petitioner to make; most petitioners the court sees are not aware of the limitations period or the requirements for an actual innocence claim.

While the petitioner asserts that the issues in the petition are "unique" and "complex," id. at 4, his explanation of the claims shows otherwise. The petitioner clearly explains that "the medical report provides that [he] did not commit the alleged violation. Five years of violent accounts of sexual intercourse as R.C. alleged would have surely created lasting physical injury. In fact, the report shows no sign of injury." Id. This is a straight-forward claim, and the petitioner does a good job of laying it out.

The petitioner asserts that he will need an experienced gynecologist or pediatric specialist to investigate the claim and support it, and says he can't secure such experts. Id. Until the court has reviewed the fully-briefed petition, it does not know if that is the case. If it concludes that there is a need for an evidentiary hearing and that such experts are necessary, the court will revisit the petitioner's request for counsel. At this stage, the court will deny the motion.

Almost all incarcerated inmates who file lawsuits or *habeas* petitions ask for lawyers. The majority of them do not have the money to hire lawyers, do not have the legal education or familiarity with the law and do not have sufficient access to the law library. The court does not have the resources to appoint

10

lawyers for all *habeas* petitioners; it must rely on volunteer lawyers. And the requests for an attorney far outnumber the number of volunteers. As a result, the court appoints counsel only in those cases where a party is not able to express himself, and where the litigation has reached a point that a lay person could not handle it on his own. This case has not reached that point. If there comes a point where the litigation becomes too complex for the petitioner to handle it on his own, he may renew his motion.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on the grounds in his *habeas* petition.

The court **DENIES AS MOOT** the petitioner's motion to proceed without prepaying the filing fee. Dkt. No. 3.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion for an evidentiary hearing. Dkt. No. 4.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion to appoint counsel. Dkt. No. 9.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal

Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 28th day of January, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**