UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARK DANIEL CABAGUA,

        Petitioner,

v.                                             Case No. 19-cv-881-pp

SARAH COOPER,

        Respondent.

---

**ORDER DENYING PETITIONER'S MOTION TO RECONSIDER (DKT. NO. 27)**

---

On March 23, 2021, the court granted the respondent's motion to dismiss, dismissed the petition as untimely under 28 U.S.C. §2244(d)(1)(A), denied the petitioner's pending motions as moot and declined to issue a certificate of appealability. Dkt. No. 25. The court entered judgment the same day. Dkt. No. 26. Two weeks later, the petitioner filed a motion to reconsider. Dkt. No. 27. This order denies the petitioner's motion to reconsider.

**I.    Background**

On June 14, 2019, the petitioner, who is incarcerated at Oshkosh Correction Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2009 convictions in Milwaukee County Circuit Court for first-degree sexual assault of a child, repeated first-degree sexual assault of a child and second-degree sexual assault of a child. Dkt. No. 1 at 1-2; State v. Mark Daniel Cabagua, Case No. 2008CF005374 (available at https://wcca.wicourts.gov). The respondent filed a

1

motion to dismiss the petition as untimely, dkt. no. 17, and the court granted that motion, dkt. no. 25.

Two weeks later, the court received from the petitioner a document titled "Motion to Reconsider." Dkt. No. 27. Stating that "[a] postconviction motion under Wis. Stat. 974.06 tolls the one-year limitation period," the petitioner argued that his most recent state-court postconviction motion sufficiently tolled the one-year limitations period. Id. at 2 (citing Graham v. Borgen, 483 F.3d 475 (7th Cir. 2007)). According to the petitioner, his federal petition was timely "because on July 2, 2018 [he] filed an additional Wis. Stat. 974.06 motion to exhaust additional claims." Id. (citing Dkt. No. 17-1 at 5). He noted that he had appealed the circuit court's denial of the postconviction motion to the Wisconsin Court of Appeals, and had filed a petition for review in the Wisconsin Supreme Court. Id. Alternatively, the petitioner argued that his postconviction counsel's performance "affected the integrity of the proceedings" and constituted an external obstacle "beyond his control that stood in his way and caused the delay." Id.

**II. Analysis**

    A.    Standards

"[T]he Federal Rules of Civil Procedure do not expressly recognize a 'motion to reconsider.'" Thomas v. Dollar Treet, No. 20-cv-1458, 2021 WL 2982398, at *1 (E.D. Wis. July 15, 2021) (quoting United States v. Roth, No. 10 Misc. 001, 2010 WL 1541343, at *2 (E.D. Wis. April 19, 2010)). "Courts in the Seventh Circuit, however, generally apply the standards of Rule 59(e) or

2

Rule 60(b) to such motions." Id. (citing Washington Frontier League Baseball, LLC v. Zimmerman, No. 1:14-cv-01862-TWP-DML, 2016 WL 4798988, at *1 (S.D. Ind. Sept. 14, 2016)). Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Rule 60(b) is available where a movant files within a "reasonable amount of time" after final order and judgment. Fed. R. Civ. P. 60(b).

"Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1986)). A motion to reconsider "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to [the decision to be reconsidered]." Woods v. Resnick, 725 F. Supp. 2d 809, 825 (W.D. Wis. July 16, 2010) (quoting United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010)).

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). Under Rule 59(e), "[a] 'manifest error' is not demonstrated by the

disappointment of the losing party;" it "is the 'wholesale disregard, misapplication or failure to recognize controlling precedent.'" Bilek v. Am. Home Mortg. Servicing, Case No. 07 C 4147, 2010 WL 3306912 at *1 (N.D. Ill. Aug. 19, 2010) (quoting Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000)). "Newly discovered evidence" is evidence that was "not available at the time of briefing." Katz-Crank v. Haskett, No. 1:13-cv-00159-TWP-DML, 2014 WL 3507298, at *2 (S.D. Ind. July 14, 2014). "Newly discovered evidence" is evidence that was discovered after the trial or decision that is material, not merely cumulative or impeaching and such that a new trial probably would result. Cincinnati Life. Ins. v. Beyrer, 722 F.3d 939, 955 (7th Cir. 2013) (citation omitted).

Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud or any other reason that justifies relief. Fed. R. Civ. P. 60(b).

B. Application

The petitioner asserts that his federal *habeas* petition was timely because on July 2, 2018, he filed an "additional Wis. Stat. 974.06 motion to exhaust additional claims." Dkt. No. 27 at 2 (citing Dkt. No. 17-1 at 5). He says that a §974.06 postconviction motion tolls the statute of limitations. Id.

The respondent has not responded to the petitioner's motion, but the court will deny it. In its decision granting the respondent's motion to dismiss, the court recounted the petitioner's state court procedural history, including (1) his entry of Alford pleas to repeated sexual assault of a child, first-degree

4

sexual assault of a child, and second-degree sexual assault of a child, dkt. No. 25 at 3; (2) his June 1, 2009 sentencing, id.; (3) his February 10, 2010 motion for resentencing under Wis. Stat. §809.30, and the circuit court's denial of that motion two days later id.; (4) his July 2015 postconviction motion under Wis. Stat. §974.06, id. at 4; (5) his appeal of the circuit court's denial of his July 2015 postconviction motion, id.; (6) the Wisconsin Supreme Court's May 8, 2018 denial of review of the court of appeals' decision affirming the circuit court, id. at 10-11; (7) his June 2018 postconviction motion, id. at 11; (8) the circuit court's denial of that postconviction motion, id. at 11-12, and (9) the court of appeals' decision affirming the circuit court's denial of the June 2018 postconviction motion, id. at 12.

The court determined that the petitioner's conviction became final, at the latest, on May 8, 2019. Id. at 21. The petitioner correctly notes that in making that determination, the court did not consider his June 2018 motion for sentence modification or resentencing. See Dkt. No. 17-5 at 4. But the court's conclusion remains the same—the petition is untimely. Under 28 U.S.C. §2244(d)(1)(D), the one-year statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The petitioner asserts that DNA, medical and police reports are newly-discovered factual predicates for his claims. Dkt. No. 22 at 5-16. The Wisconsin Court of Appeals determined that the state turned that evidence over to the defense prior to the petitioner's plea hearing. By the petitioner's own admissions, he had knowledge of the reports

5

several years before filing an open records request to obtain them. The reports are not factual predicates for several of the petitioner's claims. The petitioner's postconviction counsel's performance did not constitute an extraordinary circumstance that stood in the way of his timely filing.

Turning first to the factual determinations of the Wisconsin Court of Appeals, the court presumes that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e). In its January 17, 2018 decision affirming the circuit court's denial of the petitioner's July 2015 §974.06 postconviction motion, the Wisconsin Court of Appeals considered the petitioner's argument that the state failed to provide him with the DNA, medical and police reports "prior to the plea hearing and that had he been aware of these documents, he would not have entered his pleas." Dkt. No. 17-4 at ¶17. The court concluded that "exculpatory evidence was not withheld." Id. at ¶1. It found that the petitioner "ha[d] not established that the State suppressed the evidence." Id. at ¶19. To the court of appeals, "[t]he record show[ed] that trial counsel made a demand for discovery that included a request for laboratory reports, hospital reports, and police reports," and "the State's Notice of Expert Witness stated that the medical report and the DNA report were given to the defense." Id. The court saw "no reason to believe"

6

Case 2:19-cv-00881-PP    Filed 02/28/22    Page 6 of 12    Document 28

that the prosecutor did not provide the police report as well. Id. The petitioner has not rebutted these presumptions.

If the petitioner did not have the reports when he entered his pleas, he did not diligently seek them. According to the petitioner, he was aware of the DNA, medical and police reports before October 2012. Dkt. No. 2 at 4. The petitioner states that

> [o]n October 15, 2011, [the petitioner] received his case file from postconviction counsel, as [the petitioner] was reviewing the file he noticed a medical bill from Children's Hospital of Wisconsin with the words "initial examination" on it. As he read the bill it stated that there was a medical exam conducted on RC. [The petitioner] then called his mother and asked if she could obtain an attorney to do some investigation into his case.

Dkt. No. 2 at 4.

He says that after "[s]everal months passed by and [his] mother was unable to obtain an attorney due to financial reasons," the petitioner "wrote to postconviction counsel on October 11, 2102 [sic], to inquire if she was aware of a medical repo[r]t, DNA analysis, and a police incident report." Id. The petitioner provided a letter that the Wisconsin State Public Defender's Office sent to the petitioner on December 13, 2012. Dkt. No. 2-1 at 4. That letter states:

> You wrote that you are missing a medical test, DNA results and the plea questionnaire. Attorney Henak's entire file was copied and mailed to you. I am re-sending a copy of the plea questionnaire. I do not see any medical results or DNA results. *If* those were obtained by your trial attorney, you might try contacting him.

Id. The letter provides the address for the petitioner's trial attorney, Richard Voss. Id.

7

On the next page of his attachments, the petitioner provided a letter from Attorney Voss dated October 26, 2015—over *three years after* the State Public Defender's Office wrote to the petitioner about the reports. Id. at 5. That letter indicates:

> I did receive your letter requesting various items from your file. Please be advised that I turned over **ALL** the file materials to your appellate attorney. Therefore, if she does not have the materials you requested I do not know where they are. I do not make it a practice of copying all the file materials and so nothing remains in my file folder from your case . . . If you want to obtain the items requested, you would have to make an Open Records Request with the Milwaukee Police Department.

Id. A reasonably diligent petitioner could have filed an open records request or contacted his attorney about how to obtain the records within a year of discovering the existence of those records. The petitioner did not seek the reports with the diligence that §2244(d)(1)(D) requires.

Finally, the reports are not factual predicates for several of the petitioner's claims. The statute of limitations begins to run when a petitioner "knows (or through diligence could discover) the important facts, not when the [petitioner] recognizes their legal significance." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). "Section 2244(d)(1)(D) does not restart the time when corroborating evidence becomes available; if it did, then the statute of limitations would fail in its purpose to bring finality to criminal judgments." Escamilla v. Jungwirth, 426 F.3d 868, 871 (7th Cir. 2005), abrogated on other grounds by McQuiggen v. Perkins, 569 U.S. 383 (2013); Rivera v. Pollard, 504 F. App'x 502, 505 (7th Cir. 2013). The petitioner had knowledge of the facts

8

giving rise to several of his claims more than a year before he received the DNA, medical and police reports.

Those reports are not factual predicates for his claim that he did not enter his Alford pleas knowingly, voluntarily or intelligently. A plea is knowing, voluntary and intelligent when a defendant has knowledge of the underlying crime's essential elements. Torzala v. U.S., 545 F.3d 517 (7th Cir. 2008) (citing Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005)). A defendant does not enter a plea knowingly, voluntarily and intelligently if he does not understand the underlying crime's essential elements. Id. (citing Stumpf, 545 U.S. at 183). The petitioner states that the "medical report corroborates his contention that he was pleading to sexual contact, and also provides that no sexual contact occurred." Dkt. No. 1 at 7-8. But even if the court were to assume—and it does not—that the reports corroborated the petitioner's claim that his plea was not knowing, voluntary and intelligent, corroboration is not enough. Whether the petitioner entered pleas that were knowing, voluntary and intelligent turns on facts and circumstances known to the petitioner when he entered his plea.

Similarly, the reports are not factual predicates for his claim that the sentencing court imposed a sentence based on inaccurate information. In making that claim, the petitioner complains that "the circuit court relied on the prosecutions theory that [the petitioner] had violent sexual intercourse with RC, when in fact the medical evidence that [the petitioner] provides proves that the conduct the prosecution alleged was inaccurate." Dkt. No. 1 at 11. Again, even if the reports supported such a claim, they are not the factual predicates

9

for it; the petitioner could have asserted that the sentencing court relied on inaccurate information the moment it handed down its sentence.

And the reports are not factual predicates for a claim that insufficient evidence supports the petitioner's convictions. A court reviewing a claim that insufficient evidence supports a conviction determines "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The petitioner states that while "the state may conclude that RC's allegations are sufficient to sustain the conviction, the medical report contradicts her version of events." Dkt. No. 1 at 12. Again, that is not evidence constituting the factual predicate of a claim under §2244(d)(1)(D). The reports might have constituted relevant facts for this claim. But the petitioner had the factual predicate for a claim that insufficient evidence supported his conviction at the moment the clerk entered judgment.

The petitioner argues that "postconviction counsel['s] failure to seek out the ineffectiveness of counsel Voss—and her failure to seek out the medical reports that provides [the petitioner] is innocent of the charged crimes, is an extraordinary circumstance that stood in [the petitioner's] way to habeas relief." Dkt. No. 22 at 190.

A petitioner is entitled to equitable tolling of the statute of limitations if the petitioner shows (1) that the petitioner diligently pursued his or her rights, and (2) an extraordinary circumstance stood in the petitioner's way that

10

for it; the petitioner could have asserted that the sentencing court relied on inaccurate information the moment it handed down its sentence.

And the reports are not factual predicates for a claim that insufficient evidence supports the petitioner's convictions. A court reviewing a claim that insufficient evidence supports a conviction determines "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The petitioner states that while "the state may conclude that RC's allegations are sufficient to sustain the conviction, the medical report contradicts her version of events." Dkt. No. 1 at 12. Again, that is not evidence constituting the factual predicate of a claim under §2244(d)(1)(D). The reports might have constituted relevant facts for this claim. But the petitioner had the factual predicate for a claim that insufficient evidence supported his conviction at the moment the clerk entered judgment.

The petitioner argues that "postconviction counsel['s] failure to seek out the ineffectiveness of counsel Voss—and her failure to seek out the medical reports that provides [the petitioner] is innocent of the charged crimes, is an extraordinary circumstance that stood in [the petitioner's] way to habeas relief." Dkt. No. 22 at 190.

A petitioner is entitled to equitable tolling of the statute of limitations if the petitioner shows (1) that the petitioner diligently pursued his or her rights, and (2) an extraordinary circumstance stood in the petitioner's way that

10

prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The petitioner must show both elements. Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 255-56 (2016) (citing Pace, 544 U.S. at 418). "'Extraordinary circumstances' exist only when an 'external obstacle' beyond the party's control 'stood in [its] way' and caused the delay." Lombardo v. United States, 860 F.3d 547, 552 (7th Cir. 2017) (quoting Menominee Indian Tribe, 577 U.S. at 256).

In its October 21, 2016 order denying the petitioner's supplemental motion for postconviction relief, the Milwaukee County Circuit Court discussed the relevant reports:

> [The petitioner] conclusorily states that all of the above documents reveal exculpatory information and further maintains that counsel failed to inform him "that there was a strong possibility that exculpatory evidence was uncovered." The court is hard-pressed to discover what that exculpatory evidence might be, for it is not evident in the reports which the defendant has attached as exhibits. The victim's medical report reflects a normal genital and rectal exam, but with a written proviso that most children who are victims of sexual abuse have normal medical exams. In a police report authored by Detective Rumler, the nurse practitioner who performed the medical exam told the detective that even though everything appeared normal, "that no means . . . rule[s] out the possibility of sexual assault . . . [because] it is a medical fact that even though a young girls' [sic] hymen is in tact[,] that does not rule out that she had been sexually active"—all of which he said he would testify to in court. In addition, the DNA analysis simply reveals that no semen was found on the bedsheet that was submitted for testing. It does not "prove" that the victim lied about the assaults, nor does it "change the entire picture of the alleged allegations" or undermine confidence in the outcome. In sum, even if the defendant had seen the reports he claims were not present prior to entering his Alford plea, he does not sufficiently explain how these reports would have been reasonably probable to alter the outcome. The reports are not exculpatory by any stretch of the imagination (only subjectively to the defendant) and they would not have been reasonably probable to change anything. [The petitioner] has not shown that he would

11

have been in any better position had he seen the reports before he entered his Alford pleas, as none of them make it any more likely that the victim was fabricating what occurred."

Dkt. No. 2-1 at 54 (internal citations omitted). The court "also note[d] that the State would undoubtedly have presented other acts evidence at a trial concerning [the petitioner's] prior sexual contact with a 10-year-old girl along with the defendant's prior convictions." Id. at n.1.

The petitioner has not shown that postconviction counsel's actions constituted an external obstacle that caused his delay. Attorney Voss was not ineffective for failing to obtain reports that were not exculpatory. That the petitioner's postconviction counsel did not "seek out" that ineffectiveness is not an extraordinary circumstance that stood in the petitioner's way of a timely filing. Further, the record shows that postconviction counsel provided the petitioner with his case file and promptly replied to his October 11, 2012 letter with the suggestion to ask his trial attorney for the reports. That the petitioner did not file an open records request for several years is not the fault of postconviction counsel.

The court will deny the motion for reconsideration.

**IV. Conclusion**

The court **DENIES** the petitioner's motion to reconsider. Dkt. No. 27.

Dated in Milwaukee, Wisconsin this 28th day of February, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**
