MARK DANIEL CABAGUA,

        Petitioner,

v.                                                        Case No. 19-cv-881-pp

CHERYL EPLETT,[1]

        Respondent.

**ORDER DENYING PETITIONER'S MOTION PURSUANT TO RULE 59(E) (DKT. NO. 29)**

On March 23, 2021, the court granted the respondent's motion to dismiss, dismissed the petition as untimely under 28 U.S.C. §2244(d)(1)(A), denied the petitioner's pending motions as moot and declined to issue a certificate of appealability. Dkt. No. 25. Two weeks later, the court received from the petitioner a motion to reconsider. Dkt. No. 27. On February 28, 2022, the court denied that motion. Dkt. No. 28. A month later, the petitioner filed this "Motion Pursuant to Rule 59(e)." Dkt. No. 29. This order denies the motion.

**I.     Background**

On June 14, 2019, the petitioner, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed a petition for writ of

---

[1] Under Rule 2 of the Rules Governing Section 2254 Cases, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The petitioner is incarcerated at Oshkosh Correctional Institution. https://appsdoc.wi.gov/lop/home.do. This order reflects Warden Cheryl Eplett as the respondent.

*habeas corpus* under 28 U.S.C. §2254 challenging his 2009 convictions in Milwaukee County Circuit Court for first-degree sexual assault of a child, repeated first-degree sexual assault of a child and second-degree sexual assault of a child. Dkt. No. 1 at 1-2; State v. Mark Daniel Cabagua, Case No. 2008CF005374 (available at https://wcca.wicourts.gov). On April 21, 2020, the respondent filed a motion to dismiss the petition as untimely. Dkt. No. 16. Eleven months later, the court granted that motion and dismissed the case. Dkt. No. 25.

Two weeks after the court granted the respondent's motion to dismiss, the petitioner filed a "Motion to Reconsider." Dkt. No. 27. The motion asserted that the court failed to consider a state postconviction motion that rendered his petition timely. Id. at 2. On February 28, 2022, the court denied the motion for reconsideration. Dkt. No. 28. The court conceded that the petitioner "correctly note[d] that" in granting the motion, "the court did not consider [the petitioner's] June 2018 motion for sentence modification or resentencing." Id. at 5. The court concluded, however, that the petition still was untimely for several reasons.

The court explained that under the Anti-Effective Death Penalty Act, "'[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The application shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'" Id. at 6 (quoting 28 U.S.C. §2254(e)). With

2

that standard in mind, the court identified various factual determinations the Wisconsin Court of Appeals had made when affirming the denial of the petitioner's postconviction motion:

> In its January 17, 2018 decision affirming the circuit court's denial of the petitioner's July 2015 §974.06 postconviction motion, the Wisconsin Court of Appeals considered the petitioner's argument that the state failed to provide him with the DNA, medical and police reports "prior to the plea hearing and that had he been aware of these documents, he would not have entered his pleas." Dkt. No. 17-4 at ¶17. The court concluded that "exculpatory evidence was not withheld." Id. at ¶1. It found that the petitioner "ha[d] not established that the State suppressed the evidence." Id. at ¶19. To the court of appeals, "[t]he record show[ed] that trial counsel made a demand for discovery that included a request for laboratory reports, hospital reports, and police reports," and "the State's Notice of Expert Witness stated that the medical report and the DNA report were given to the defense." Id. The court saw "no reason to believe" that the prosecutor did not provide the police report as well. Id.

Id. at 6-7. This court concluded that the petitioner had not rebutted any of those factual determinations. Id. at 7.

The court found that if the petitioner did not have the reports when he entered his pleas, he did not seek them with the diligence that §2244(d)(1)(D) requires. Id. at 7-8. The court recounted how the Wisconsin State Public Defender's Office had written the petitioner about the reports in December of 2012. Id. at 7. It observed that Attorney Voss had explained to the petitioner over three years later that the petitioner could obtain the reports by filing an open records request. Id. at 8. The court concluded that "[a] reasonably diligent petitioner could have filed an open records request or contacted his attorney about how to obtain the records within a year of discovering the existence of those records." Id.

3

The court also observed that the reports were not factual predicates for several of the petitioner's claims. Id. The court explained that the statute of limitations starts running when a petitioner "'knows (or through diligence could discover) the important facts, not when the [petitioner] recognizes their legal significance.'" Id. (citing Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)). It noted that "Section 2244(d)(1)(D) does not restart the time when corroborating evidence becomes available." Id. The court found that "[t]he petitioner had knowledge of the facts giving rise to several of his claims more than a year before he received the DNA, medical and police reports." Id. at 8-9.

The court concluded that the reports "[were] not factual predicates for [the petitioner's] claim that he did not enter his Alford pleas knowingly, voluntarily or intelligently." Id. at 9. The court reasoned that whether the petitioner entered his plea knowingly, voluntarily and intelligently "turn[ed] on facts and circumstances known to the petitioner when he entered his plea." Id. The reports were not factual predicates for his claim that the sentencing court imposed a sentence based on inaccurate information because "the petitioner could have asserted that the sentencing court relied on inaccurate information the moment it handed down sentence." Id. at 9-10. The reports did not constitute factual predicates for the petitioner's claim that insufficient evidence supported his conviction because the petitioner could have argued that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt "at the moment the clerk entered judgment." Id. at 10.

Last, the court concluded that the petitioner was not entitled to equitable tolling. Id. at 10-12. It reasoned that the reports were not exculpatory and that any failure of the petitioner's attorney to seek them was not ineffective and any failure of a subsequent attorney to assert that ineffectiveness was not "an external obstacle that caused [the petitioner's] delay." Id. at 12.

Twenty-eight days after the court denied the petitioner's motion to reconsider, the court received the instant "Motion Pursuant to Rule 59(e)." Dkt. No. 29.

## II. Analysis

### A. Governing Law

"[T]he Federal Rules of Civil Procedure do not expressly recognize a 'motion to reconsider.'" Thomas v. Dollar Tree, No. 20-cv-1458, 2021 WL 2982398, at *1 (E.D. Wis. July 15, 2021) (quoting United States v. Roth, No. 10 Misc. 001, 2010 WL 1541343, at *2 (E.D. Wis. April 19, 2010)). "Courts in the Seventh Circuit, however, generally apply the standards of Rule 59(e) or Rule 60(b) to such motions." Id. (citing Washington Frontier League Baseball, LLC v. Zimmerman, No. 1:14-cv-01862-TWP-DML, 2016 WL 4798988, at *1 (S.D. Ind. Sept. 14, 2016)). Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Rule 60(b) is available where a movant files within a "reasonable amount of time" after a final order and judgment. Fed. R. Civ. P. 60(b).

5

"Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1986)). A motion to reconsider "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to [the decision to be reconsidered]." Woods v. Resnick, 725 F. Supp. 2d 809, 825 (W.D. Wis. July 16, 2010) (quoting United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010)).

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). Under Rule 59(e), "[a] 'manifest error' is not demonstrated by the disappointment of the losing party;" it "is the 'wholesale disregard, misapplication or failure to recognize controlling precedent.'" Bilek v. Am. Home Mortg. Servicing, No. 07 C 4147, 2010 WL 3306912 at *1 (N.D. Ill. Aug. 19, 2010) (quoting Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000)). "Newly discovered evidence" is evidence that was "not available at the time of briefing." Katz-Crank v. Haskett, No. 1:13-cv-00159-TWP-DML, 2014 WL 3507298, at *2 (S.D. Ind. July 14, 2014). "Newly discovered evidence" is

6

evidence that was discovered after the trial or decision that is material, not merely cumulative or impeaching and such that a new trial probably would result. Cincinnati Life. Ins. v. Beyrer, 722 F.3d 939, 955 (7th Cir. 2013) (citation omitted).

Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud or any other reason that justifies relief. Fed. R. Civ. P. 60(b).

B.   Analysis

The petitioner states that "[t]he decision of the Wisconsin Court of Appeals provided that the evidence [the petitioner] provided was 'newly discovered evidence,' and that it was discovered after judgment was entered." Dkt. No. 29 at 2. He asserts that "counsel specifically stated in the motion hearing transcripts that he relied on the state putting the reports into evidence." Id. The petitioner stresses that the "medical reports are vital to [his] case." Id. at 3. He says that "[i]f the evidence was in counsel's possession when the court handed down it's sentence, counsel's performance was objectively unreasonable for failure to assert that the sentencing court relied on inaccurat [sic] information." Id. He argues that "if counsel had the reports in his possession 'the moment the clerk entered judgment,' counsel should have asserted that there was insufficient evidence to support the conviction under Jackson v. Virginia, 433 U.S. 307, 319 (1979)." Id. The petitioner states that he "was not aware of any of the facts contained in the reports until he reviewed

7

them." Id. at 4. Rather, he "was only aware of a medical bill, and nothing more." Id. (emphasis in original).

The petitioner asserts that he "did his best as a pro se petitioner to seek out the medical reports with the diligence that 2244(d)(1)(D) requires." Id. Citing this court's conclusion that a reasonably diligent petitioner could have contacted his attorney within a year of discovering the existence of the DNA, medical and police reports, the petitioner contends that his attorney "did not want to cooperate." Id. The petitioner says that his "mother called [the attorney] twice asking for the evidence. Both times he told her the case was closed." Id. The petitioner believes that "a reasonably competent lawyer could have explained to [his] mother how to secure the evidence." Id. The petitioner asserts that "counsel surley [sic] did not want to admit that he was wrong for not securing the evidence, that provided his client did not commit the crimes charged." Id. at 4-5.

The petitioner argues that this court should find the state courts' factual determinations unreasonable because the state courts "failed to hold an evidentiary hearing to make findings of fact about the medical reports." Id. at 5. He concludes that "[t]he medical reports clearly provide that [the petitioner] is not guilty of the underlying offense." Id. He asks the court to "provide him a gat[e]way under Schlup v. Delo." Id. at 6. The petitioner argues that his attorneys were ineffective for "failure to secure the medical reports and file the correct motions." Id.

8

The respondent did not respond to this motion, but the court will deny it. The petitioner filed the motion to reconsider over twelve months after the court entered final judgment. Rule 59(e) requires the movant to file a motion to alter or amend judgment within twenty-eight days after the court enters that judgment, so Rule 59(e) is not available to the petitioner as a basis for relief. Even if it was, the court would deny the motion. The petitioner has not demonstrated that the court made a manifest error of law or fact. The court understands that the petitioner is saying that he did not know about the medical and other reports at the time of his 2009 sentencing hearing. The court explained in its original order that even if that was true—even if he did not find out about the medical, DNA and police reports until December 15, 2015, after he filed an open records request—the petitioner did not file this *habeas* petition until June 2019—three and a half years later. Even if the petitioner could not have raised his claims at the moment the Clerk of Court entered judgment against him, he could have raised any claims based on the missing reports as of December 2015. The petition was not timely filed and nothing in the petitioner's (untimely) Rule 59(e) motions proves otherwise.

The petitioner asks the court to give him a "gateway" under Schlup v. Delo, 513 U.S. 298 (1995). In Schlup, the Supreme Court held that a petitioner who has been sentenced to death and who is procedurally barred from bringing his *habeas* claims can avoid that bar by showing that the constitutional violation he alleges probably resulted in the conviction of someone who actually is innocent. The petitioner has not been sentenced to death. The court did not

9

dismiss the petition based on procedural default. And the petitioner has not presented new evidence that persuades the court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329.

The court will deny the motion. The petitioner's litigation before this court is finished. The court understands that he disagrees with the court's ruling. The court declined to issue a certificate of appealability. Dkt. No. 25 at 30. But under Rule 1(a)(1) of the Seventh Circuit Court of Appeals' Operating Procedures, "[a]t least two judges shall act on . . . denials of certificates of appealability." https://www.ca7.uscourts.gov/rules-procedures/rules/rules.htm#opproc. The court does not believe that reasonable jurists could debate whether the petition was timely filed. Perhaps two judges of the Seventh Circuit will conclude otherwise.

### III. Conclusion

The court **DENIES** the petitioner's "Motion Pursuant to Rule 59(e)." Dkt. No. 29.

Dated in Milwaukee, Wisconsin this 24th day of August, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**