MARK DANIEL CABAGUA,

        Petitioner,

v.                               Case No. 19-cv-881-pp

CHERYL EPLETT,[1]

        Respondent.

## ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING THE FILING FEE (DKT. NO. 35)

On March 23, 2021, the court granted the respondent's motion to dismiss, dismissed the petition as untimely under 28 U.S.C. §2244(d)(1)(A), denied the petitioner's pending motions as moot and declined to issue a certificate of appealability. Dkt. No. 25. Two weeks later, the court received from the petitioner a motion to reconsider. Dkt. No. 27. On February 28, 2022, the court denied that motion. Dkt. No. 28. A month later, the petitioner filed a "Motion Pursuant to Rule 59(e)." Dkt. No. 29. On August 24, 2022, the court denied that motion. Dkt. No. 30.

On September 12, 2022, the petitioner filed a notice of appeal. Dkt. No. 31. He has filed a motion for leave to appeal without prepaying the filing fee. Dkt. No. 35.

---

[1] Under Rule 2 of the Rules Governing Section 2254 Cases, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The petitioner is incarcerated at Oshkosh Correctional Institution. https://appsdoc.wi.gov/lop/home.do. This order reflects Warden Cheryl Eplett as the respondent.

1

Under Federal Rule of Appellate Procedure 24(a)(3), a district court may allow an appellant to proceed without prepaying the appellate filing fee if it finds the appellant to be indigent and the appeal to be taken in good faith. Because the Prison Litigation Reform Act does not apply to *habeas* cases, Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000), the court decides whether a *habeas* appellant is indigent by relying on the information the petitioner provides in his affidavit of indigence. See Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996). The petitioner's affidavit indicates that he earns between $14.92 and $16.92 in monthly income, pays $27.50 in monthly expenses, and has no assets. Dkt. No. 35. According to the petitioner's prison trust account, as of August 31, 2022, the petitioner has $397.85 in his regular account. Dkt. No. 36. The court finds that the petitioner cannot pay the $505 filing fee.

As for good faith, a district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involved "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). Although the court declined in its March 23, 2021 order to issue a certificate of appealability, the Seventh Circuit has warned district courts against conflating the good faith and certificate of appealability standards; declining to issue a certificate of appealability "is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good

2

faith. It is more demanding." O'Brien, 216 F.3d at 634. "To determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Id. On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim—that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The March 23, 2021 order granted the respondent's motion to dismiss, dismissing all of the petitioner's grounds for relief as untimely. Dkt. No. 25 at 21-23. The court believes it is unlikely that the Seventh Circuit will disagree, but it cannot say that no reasonable person could suppose that any of the petitioner's claims have merit. Accordingly, the court cannot conclude that the appeal is frivolous.

The court **GRANTS** the petitioner's motion for leave to appeal without prepaying the filing fee. Dkt. No. 35.

Dated in Milwaukee, Wisconsin this 30th day of September, 2022.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**